Lin v. Holder

BIA
A073 674 795

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fifteen.

PRESENT:
        RICHARD C. WESLEY,
        SUSAN L. CARNEY,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

_____

WEI XING LIN,
        *Petitioner,*

        v.                    14-30
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of

Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Xing Lin, a native and citizen of the People's Republic of China, seeks review of a December 20, 2013, decision of the BIA denying his motion to reopen deportation proceedings. *In re Wei Xing Lin*, No. A073 674 795 (B.I.A. Dec. 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's motion to reopen, filed in 2013, was untimely, because his order of deportation became final in 2005. *See* 8 U.S.C. § 1101(a)(47)(B)(i). Lin moved to reopen, however, to apply for asylum based on his practice of Christianity, contending

that because conditions in China have worsened for Christians, his motion was not subject to the time limitation. 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA determined that Lin had failed to show changed country conditions, and substantial evidence supports that determination. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The reports Lin cites are inconsistent regarding whether country conditions have changed from year to year, stating both that "[t]he government's respect for and protection of the right to religious freedom deteriorated," and that "[t]he government *continued* to restrict the growth of unregistered Protestant church networks." Lin reads these reports as indicating a worsening of conditions; the BIA read them as indicating continuity. Both readings are reasonable, and under these circumstances, substantial evidence supports the BIA's reading. *Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007).

Because the BIA's finding that Lin failed to establish materially changed country conditions is dispositive, we need not review the agency's finding that Lin failed to establish

his prima facie eligibility for relief from deportation. *See*
*INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is
DENIED. As we have completed our review, the pending motion
for a stay of deportation in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4